IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Brian Wickensimer, et al., | Case No. 3:11 CV 437 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Keith Smith, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Brian Wickensimer filed this action under 42 U.S.C. §1983 against Toledo Correctional Institution ("TCI") Warden Keith Smith, former Ohio Department of Rehabilitation and Correction ("ODRC") Director Ernie Moore, TCI "Maintenance Person Jackson," TCI "Maintenance Person Long," and TCI "Maintenance Person Wiswaser." Plaintiff challenges conditions of his confinement and requests monetary damages and injunctive relief (Doc. No. 1).

Plaintiff next filed a Motion to Amend his Complaint to add as Defendants current ODRC Director Gary Mohr, TCI Librarian Rose Shaddy, TCI School Administrator Linda Meeks, and TCI Deputy Warden of Special Services Susan Brown (Doc. No. 10). Plaintiff then filed a second Motion to Amend Complaint seeking to add Robert Gaughen, Richard Anderson, Keli Dunnican, and Mitchell Moore as Plaintiffs (Doc. No. 11). He also signed and filed a Declaration on behalf of each new Plaintiff, and attached statements purportedly signed by the inmates indicating their desire to be included in the action (Doc. Nos. 13–17).

Thereafter, Wickensimer signed and filed a Declaration on behalf of putative "class members" Sean Paul Swain, Jeff Hopson, Ernest Murphy, Evans Ob'Saint, Abdulmuhaymin Abdullah, Richard Anderson, Joseph Balnius, Mitchell Moore, Terry Taylor, and Stoney Thompson (Doc. Nos. 19, 21–29). He then filed and signed another Amended Complaint (Doc. No. 30) listing only Wickensimer, Gaughen, Anderson, Dunnican, and Moore as Plaintiffs.

All the above pleadings were filed in March 2011. Additional Declarations were signed and filed by Wickensimer on behalf of other inmates in April 2011 (Doc. Nos. 32–39). Each Declaration included a statement by the inmate; however, several of these statements indicated they were signed in 2009 and 2010.[1]

Lastly, Wickensimer filed other assorted motions, including: Motion for Temporary Restraining Order (Doc. No. 3); Motion for Order Requesting Protection (Doc. No. 7); Motion for Order Granting Class Status (Doc. No. 8); Motion for Order of Injunction (Doc. No. 9); Motion for Preliminary Injunction to Prevent Retaliatory Transfer (Doc. No. 12); Motion for Appointment of Counsel (Doc. No. 20); and Motion to Stay Destruction of all Internal Communications and Work-Product (Doc. No. 31).

**Plaintiffs**

As an initial matter, the Court must determine which parties are properly before this Court. Wickensimer cannot file a pleading on behalf of other inmates. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Assoc. v. Bank of*

---

[1] The statement attached to the Declaration filed for Swiergosz indicates it was signed on November 15, 2010 (Doc. No. 33). The statement submitted for Rose was dated November 15, 2010 (Doc. No. 34). The statement submitted for Babos was signed March 26, 2009 (Doc. No. 35). Swain's statement was signed April 20, 2009 (Doc. No. 36). Strothers signed his statement on August 20, 2009 (Doc. No. 37). Freeman signed his statement on October 25, 2010 (Doc. No. 38).

*Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654. Wickensimer signed and filed Declarations on behalf of nineteen inmates. Gaughen, Anderson, Dunnican and Moore are listed as Plaintiffs in the case caption of the Amended Complaint; however, only Wickensimer's signature appears on the pleading. Wickensimer is not an attorney and cannot represent other inmates in court, even if those inmates consent to his representation. His signature alone, therefore, is not effective to bring their claims before this Court. Consequently, this Court can consider only Wickensimer's claims.

## BACKGROUND

Plaintiff claims Defendants are systematically obstructing law library services; the library does not comply with requirements set forth in federal case law; was available only fifteen hours in March 2009 and, while that situation has improved, the hours of availability are still too limited. He does not specify how many hours the library currently is open to inmates. He indicates only three computers are available to inmates for legal research, and Defendants are attempting to increase the prisoner population at TCI which will further decrease the availability of these resources.

Plaintiff next asserts violations of his Eighth Amendment rights. He contends Defendants are substantially impairing the infrastructure of services at TCI, objecting in general terms to the adequacy of the shelter, ventilation, sanitation, personal safety measures, medical care, mental health care, dental care, laundry, and shower facilities at the prison. He states the windows do not open to the outside. He claims two inmates are placed in each cell and inmates with a bottom bunk assignment must lean forward to sit up in bed. He alleges the food service does not fulfill USDA nutritional guidelines. He further alleges TCI cannot accommodate several religious services due to

space constraints. He claims plans to increase the inmate population at TCI will exacerbate these conditions.

Finally, Plaintiff claims he was denied equal protection and due process. He does not explain the basis of these claims.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

**Access to Courts**

Plaintiff claims he was denied access to the courts. To state a claim for denial of access to the courts, Plaintiff must describe particular conduct preventing him from pursuing a non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint. . . ." *Christopher*, 536 U.S. at 415.

4

Here, Plaintiff alleges only in general terms that the law library in the prison is inadequate. This is insufficient to state a claim. An inmate cannot establish an actual injury simply by stating his prison's law library or legal assistance program is sub-par in some theoretical sense. *Lewis*, 518 U.S. at 351. The inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *Id.* at 353. Plaintiff has not alleged Defendants prevented him from pursuing a particular non-frivolous action.

**Eighth Amendment**

Plaintiff also objects to the adequacy of the shelter, ventilation, sanitation, personal safety measures, medical care, mental health care, dental care, laundry services, shower facilities, food choices, bunk space, and allocation of space for religious services. He contends these conditions violate his Eighth Amendment rights, and alleges the situation will deteriorate if additional inmates are added to the prison.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently

culpable state of mind. *Id.* Deliberate indifference is characterized by wilful or wanton, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's Eighth Amendment claim, however, is stated entirely as a legal conclusion. There are no facts which explain or support his allegations. Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rule 8 does not require Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988). Plaintiff fails to allege that his conditions of confinement were more than just inconveniences or restrictions that accompany prison life.

**Equal Protection and Due Process**

Plaintiff's Equal Protection and Due Process claims are also stated solely as legal conclusions. He does not include any factual allegations or explanations for the basis of these claims. These claims necessarily fail to meet the requirement of Federal Civil Rule 8.

**CONCLUSION**

Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's other assorted motions (Doc. Nos. 3, 7–12, 20, and 31) are denied as moot. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 26, 2011